## THE STATE v. GEORGE M. DRAKE.

1. An indictment under the act of 1849, (*Nix. Dig.* 193, § 103,) for causing and procuring the miscarriage of a woman then pregnant with child, must charge that the defendant did the acts in the statute specified, with intent to cause *and* procure the miscarriage. Both words must be used conjunctively, in order to·charge in the indictment the intent which the statute makes criminal.

2. A charge in the indictment, that the defendant administered a certain poison, or drug, or medicine, or noxious thing, is bad, because it does not charge that he administered the whole of the prohibited things, nor any one of them.

On *certiorari* to remove indictment for a misdemeanor.

The defendant was indicted at the Sussex Oyer and Terminer, in April term, 1863, for procuring the miscarriage of one C. L. V.

The indictment contained four counts.

The first count charged that the defendant, on the 13th August, 1862, at, &c., maliciously and without lawful justification, and with intent to cause the miscarriage of the said C., a single woman, who then and there was pregnant with child, did then and there administer unto her, the said C., a certain drug, medicine, or noxious thing, to the jurors unknown, and that the said C. did afterwards, to wit, on, &c., at, &c., die in consequence of the said administration of the said drug, medicine, or noxious thing so administered to her by the said defendant, contrary to the form of the statute, &c.

The second count charged that the said defendant, on, &c., at, &c., to one C., a single woman, who then and there was pregnant with child, with intent to procure the miscarriage of the said C., did prescribe for her, and advise and direct her to take and swallow a certain other poison, drug, medicine, or noxious thing, and that in consequence of her taking and swallowing the said poison, drug, medicine, or noxious thing she died.

The third count charged that the said defendant, with intent to procure the miscarriage of the said C., a certain instrument, to the jurors unknown, did there and then use, in consequence whereof she died.

The fourth count charged that a certain person, to the jurors unknown, in and upon the said C., &c., then and there maliciously, and without lawful justification, a certain other instrument or means, to the jurors unknown, did use, with intent to procure the miscarriage of the said C., and that the said C., in consequence of such use of the said instrument or means, did afterwards, &c., die, and that the said defendant did then and there, with the like intent to procure the miscarriage of the said C., aid and assist the aforesaid person in the said use of the said instrument or means, contrary to the form of the statute, &c.

The indictment having been removed into this court by *certiorari*, the counsel of the defendant moved to quash, on the ground that the same was vague and defective, and charged no specific crime.

For the motion, *R. Hamilton.*

The indictment is founded on the statute of March 1st, 1849. It is not sustainable at common law, because it is not alleged that the child was quick. *State* v. *Cooper*, 2 *Zab.* 52.

An indictment under the statute must contain all the ingredients given by the statute to make up the offence.

The counts are all insufficient.

First count.

1. This does not charge that the offence was committed with the intent to cause and procure the miscarriage, which is the language of the statute; but it charges it to have been committed simply with intent to cause it. The words are in the conjunctive, not the alternative. All the words which to go constitute the offence must be used. No case is to be brought by construction within a statute, while it falls

State v. Drake.

·not within all its words. 1 *Bishop's Cr. Law*, § 134; *Whart.* 364, *5th edit.*

So are the precedents. They charge the intent to be to cause and procure. 3 *Chit. Cr. L.* 797; *State* v. *Gibbons*, 1 *South.* 40–48; 1 *Whart. C. L.* 364, *and notes.*

2. It is not charged, in the language of the statute, that the poison was administered to her to take or swallow, and hence it does not meet the requirements of the statute.

The case of *The State* v. *Murphy*, 3 *Dutcher* 112, decided that it is not necessary to prove an actual taking or swallowing, but the offence consists in its being given for that purpose.

The allegation that the party afterwards died in conse-·quence of the administering of the drug, does not cure the want of a positive averment. 1 *Chitty's C. L.* 231.

3. The count is insufficient in charging, in the alternative, ·a certain drug, medicine, or noxious thing.

The statute makes either an offence, yet it must be specifically charged which one was used, so that the defendant may be prepared to answer. 1 *Chit. C. L.* 231; *Whart. C. L.*, *5th edit.*, 285, § 2, *and notes* 3, 294, 295, 296, 299, to 304.

Second count.

This is subject to the first objection taken to the first count. ·The charge is, with· intent to procure, instead of cause and procure. It is also in the disjunctive " that a certain other ·poison, drug, medicine, or noxious thing was prescribed," &c. 1 *Chit. C. L.* 231. It is faulty, also, in not stating positively ·that the thing prescribed was taken and swallowed. It is ·only stated argumentatively.

Third count.

In this count the death of C. is charged. The indictment ·charges that the defendant, a certain instrument unknown did ·upon one C. use, and in consequence thereof she died. It is not stated what kind of instrument, nor how or where it was ·used, or whether any injury was inflicted by the instrument, ·or that any injury received caused her death. These are ·necessary to enable the party to make defence.

Fourth count.

This charges that a certain person unknown, a certain instrument or means unknown did use with intent to procure the miscarriage of the said C., and in consequence of the use of such instrument or means she died; and that the defendant, with the like intent to produce, &c., did knowingly aid and assist in the use of said instrument or means. It is liable to most of the objections urged against the other counts, and cannot be sustained.

For the state, *contra, C. S. Leport.*

The opinion of the court was delivered by

VAN DYKE, J. This indictment is framed under the supplement of March 1st, 1849. So much of it as is material to this inquiry is as follows: "If any person or persons maliciously or without lawful justification, with intent to *cause* and *procure* the miscarriage of a woman then pregnant with child, shall administer to her, prescribe for her, or advise or direct her to take or swallow any poison, drug, medicine, or noxious thing; and if any person or persons, maliciously and without lawful justification, shall use any instrument or means whatever with the like intent, and every person with the like intent, knowingly aiding and assisting such offender shall, on conviction," &c.

The indictment contains four counts, and the motion is made to quash the whole of them. They are all subject to the same objection. To make the transactions mentioned criminal under the statute, it is necessary that they should have been done with intent, to cause and procure the miscarriage of a woman then pregnant, &c. These words, *cause and procure*, are not used in any of the counts. They seem to have been purposely kept apart, for the word *cause* is used in the first count, and the word *procure* in each of the other three. This objection seems to me to be fatal, for it is the intent with which the thing is done that makes it criminal at all. That intent, to become criminal, must be to

cause and procure a miscarriage. The statute has not made the intent to cause *or* procure sufficient, which would have justified the use of either word alone; but it has connected the two together, and made a conjunction of both necessary to constitute the crime. If both words are not used, then the intent, which the statute makes criminal, is not charged in the indictment, and of course there is no crime charged. The only plausible answer that can be given to this objection is, that both words mean substantially the same thing, and therefore the use of both are not necessary. But the law has long since prohibited both courts and prosecutors, from speculating on the meaning of words used in creating penal statutes, either by instituting analogies or otherwise. The legislature has said that both words are necessary to constitute crime, and it is not for us to say that one is enough for the purpose. This would be making the law different from what the law making power has made it; and if we can do it in this case, in what case may we not do it; and if we may do so in this court, what court may not try the experiment; and if a prosecutor may lawfully omit one of the words which creates an offence, on the ground of its being analogous to another word already introduced, why may he not omit all the words which go to characterize the offence as criminal, and substitute other words which might be supposed to have about the same meaning. This, I apprehend, has never been permitted, and never should be.

The law on this subject seems to be very well settled. Bishop, in the first volume of his work on Criminal Law, § 134, lays down the rule broadly but positively. In speaking of penal statutes, he says, that "no case is to be brought by construction within the statute while it falls not within *all its words.* If a case is fully within the mischief to be remedied, if not within the words, construction will not be permitted to bring it within the statute." The doctrine thus enunciated is sustained by many cases there cited. It is sound and salutary, as well as safe, and should not be departed from. If we once admit such a practice in the

framing of indictments, there is no telling where it will end. We should not permit it to begin. No one can certainly tell what precise meaning the legislature intended to attach to those words which they have used. This principle is strongly sustained, moreover, in the case of *The State* v. *Gibbons,* 1 *South.* 40.

The first, second, and fourth counts are subject to another objection, quite as serious as the one just considered. The means or things made use of to produce the miscarriage are all charged disjunctively, that is to say, it is charged in substance in these counts, that the defendant did administer, &c., to the female a certain poison *or* drug *or* medicine *or* noxious thing to the jurors unknown. This must certainly be bad, for two reasons: first, it charges the defendant with nothing in direct and express terms. It does not charge that he administered the whole of the prohibited things, nor any one of them, but charges that he did one thing or another, or another, which can mean nothing; secondly, it does not apprize the defendant against what he is to defend himself. The inference from the language, as used, is not that he employed all the prohibited articles and means, but that he used some one of them, but which it was the grand jury did not know, and did not say, consequently they have left the defendant in as much doubt as they were themselves.

The law, on the subject of making these charges disjunctively instead of conjunctively, seems also very well settled. The rule is laid down in *Wharton's Crim. Law,* page 364, very explicitly, and it is sustained by numerous authorities, that the disjunctive form is not sufficient.

I think, therefore, that the indictment should be quashed.

*Indictment quashed.*

·CITED in *State* v. *Malloy, Same* v. *Adams,* 5 *Vr.* 414.